AMERMAN et al. v. BUTTE COPPER & ZINC CO. et al.

No. 135.

District Court, D. Montana, Butte Division.

Nov. 28, 1945.

H. L. Maury, E. N. Genzberger, and A. G. Shone, all of Butte, Mont., for plaintiffs.

W. H. Hoover, R. H. Glover, John V. Dwyer, James T. Finlen, Jr., and Sam Stephenson, Jr., all of Butte, Mont., for defendants.

BROWN, District Judge.

The plaintiffs have appealed from the action of the Clerk in disallowing an item of $24.75, expense of taking a deposition of the witness William O'Kelley claimed by the plaintiffs in their cost bill as lawful costs which should have been taxed.

The case was tried before the Court and jury, resulting in a verdict of the jury in favor of the plaintiffs and against the defendants. The deposition of the witness O'Kelley was not offered in evidence at the trial of the case and was not received in evidence.

■ Rule 54(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides, where material, as follows: "(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *."

This rule has been construed to place within the discretion of the Court what items shall properly be taxable as costs except where a statute or a rule provides that designated items are allowable as costs. Harris v. Twentieth Century Fox Film Corporation, 2 Cir., 139 Fed.2d 571.

■ Rule 70, paragraph 7 of the local rules of the United States District Court for the District of Montana, pertaining to costs and the taxation of costs by the Clerk, provides: "In taxing costs, the following rules (among others) shall be observed: (f) Every deposition, whether taken before an examiner or upon commission, and read or offered in evidence, shall be deemed to have been admitted in evidence, unless the Court has expressly excluded the same."

As I read the above rule, it provides that only the cost of taking such depositions as are actually read or offered in evidence at the trial of the case by the prevailing party shall be taxed as costs. It thus appears that there is a prevailing rule in this District with reference to the subject matter which takes the question out of the discretion of the Court, and as the deposition for which costs are claimed was neither read nor offered in evidence at the trial by the plaintiff, the cost of taking it cannot be lawfully taxed against the defendant and the Clerk was right in refusing to tax the item claimed