**Dorothy GRIFFIN, Plaintiff,**

v.

**Aaron COLLINS et al., Defendants.**

**No. CV475–72.**

United States District Court,
S. D. Georgia,

Savannah Division.

Jan. 30, 1978.

N. David Buffington, Thomas M. West, Ralph Goldberg, Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., G. Thomas Davis, Sp. Asst. Atty. Gen., Lawson & Davis, Atlanta, Ga., for defendants.

ORDER ON DEFENDANTS' MOTION
FOR AWARD OF ATTORNEY'S
FEES

ORDER ON MOTION OF PLAINTIFF'S
COUNSEL FOR AWARD OF FEES
FOR OPPOSING DEFENDANTS'
MOTION

LAWRENCE, District Judge.

Having denied plaintiff's motion for new trial in this civil rights action involving the death of a prisoner of the State of Georgia, I take up defendants' motion for award of attorney's fees in defending the suit and the counter motion of plaintiff's counsel for attorney's fees in resisting what he characterizes as "patently frivolous" and an "attempt to mislead the Court."

I

The Civil Rights Attorney's Fees Act of 1976 provides that "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983 . . . of this title . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fees as part of the costs." See 42 U.S.C. § 1988. The legislation was a response to the Supreme Court's decision in *Alyeska Pipeline Service Company v. The Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 in which it was held that only Congress can authorize exceptions to the restrictive "American Rule" governing the award of attorney's fees to a party in federal litigation. Following that ruling, a number of bills were introduced in the Congress. Some of them provided for recovery of attorney's fees by a "prevailing plaintiff" while others permitted such awards to the "prevailing party."[1] Senate

---

1. Among them were S. 2278 and H.R. 7826, 7827, 7828, 8219, 8220, 8221, 8368, 9952, 9093, 8743. In January, 1978, the Subcommittee on Federal Jurisdiction reported to the Committee on Court Administration of the Judicial Conference of the United States as follows: "We are concerned, however, that a piece-meal approach to this issue is eroding the 'prevailing American rule' without thorough study of the potential consequences. The Committee has counted 60 bills presently pending in the 95th Congress which would authorize an award of attorneys' fees to a prevailing party in either agency or court proceedings. These bills are pending before nine different committees in the House and Senate . . . Numerous stat-

bill 2278 was approved by the Congress with the addition of Civil Rights actions brought pursuant to §§ 1983, 1985 and 1986. It provides for discretionary award by the court of attorney's fees to the "prevailing party."

The plaintiff who·was the losing party in the litigation contends that the Civil Rights Attorney's Fees Act of 1976 permits only awards to a prevailing *plaintiff.*

In statutory construction, the duty of the court is to give effect to the intent of Congress and the first reference point is the literal meaning of the words employed. *Flora v. United States*, 357 U.S. 63, 65, 78 S.Ct. 1079, 2 L.Ed.2d 1165; *United States v. Second National Bank of North Miami*, 502 F.2d 535 (5th Cir.), cert. den., 421 U.S. 912, 95 S.Ct. 1567, 43 L.Ed.2d 777. Congressional intent is to be looked for in the plain language of the statute. *United States v. Oregon*, 366 U.S. 643, 648, 81 S.Ct. 1278, 6 L.Ed.2d 575.

■ How a statutory term as simple as "prevailing party" can mean only the plaintiff is beyond me. The alchemy by which counsel would transmute that phrase into something different is the legislative history of the 1976 Act. See 5 *U.S. Code Congressional and Administrative News* (1976), pp. 5908–5913; *Source Book: Legislative History, Texts, and Other Documents*, pp. 63, 254, 260, 262, 271 (U.S. Senate publication). Plaintiff's counsel contends that the history of the legislation clearly shows that no recovery of fees by the defendant could be had.

I do not question that the emphasis in the legislative history was on granting of attorney's fees to the successful plaintiff, rather than the defendant, in Civil Rights cases. The Senate Committee Report stated: "In several hearings held over a period of years, the Committee has found that fee awards are essential if the Federal statutes to which S. 2278 applies are to be fully enforced. We find that the effects of such fee awards are ancillary and incident to securing compliance with these laws, and that fee awards are an integral part of the remedies necessary to obtain such compliance." [2]

However, the Senate Committee was thoroughly aware that a non-successful civil rights litigant could be saddled with attorney's fees where his action was clearly frivolous, vexatious or brought for harassment purposes. Referring to such cases, the Committee on the Judiciary said that this bill "deters frivolous suits by authorizing an award of attorneys' fees against a party shown to have litigated in 'bad faith' under the guise of attempting to enforce the Federal rights created by the statutes listed in S. 2278."

Little case law has developed since the 1976 Amendment was enacted. What exists supports this Court's view. In *Levno v. United States*, 440 F.Supp. 8 (D.Montana) a district court said that the status of a party as a plaintiff or as a defendant is irrelevant in respect to the amount of attorney's fees

utes now authorize awards of attorneys' fees. The subcommittee believes that before any new authority to award attorneys' fees is enacted the Congress should be requested to conduct general hearings on the desirability of further modifying the 'prevailing American rule' so that the views of the bar and the public generally can be elicited. The subcommittee recommends that the Judicial Conference so advise the Congress."

**2.** Reference was made in the House proceedings to the chilling effect on Civil Rights claims

if recovery of attorney's fees could be obtained against the plaintiff. That position was taken before the House Subcommittee on Civil and Constitutional Rights by the Department of Justice. "We recommend . . . that recovery be discretionary with the court and be restricted to the prevailing party, in order to prevent a possible chilling effect on these actions. In addition, we believe that actions under 42 U.S.C. § 1983 need further study in view of the type of action involved." Statement of Rex E. Lee, Assistant Attorney General, December 3, 1975.

pursuant to 42 U.S.C. § 1988.[3] The Civil Rights Act of 1964, § 42 U.S.C. § 2000e–5(k), contains an almost identical provision to that with which we are dealing here. "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." In *United States v. Allegheny-Ludlum Industries, Inc.*, 558 F.2d 742, the Fifth Circuit held in a Title VII case that the employer-defendants could be and were "prevailing parties" in the statutory sense. The Court, however, went on to say:

> "The second question is whether a different standard should be applied by the district court in awarding attorneys' fees to defendants than to plaintiffs under the Act. We write briefly for its guidance in this matter. We are aware that several circuits have, arguing policy grounds, adopted such a double standard, awarding fees against plaintiffs only in the event of frivolous or vexatious claims. See, *e. g., United States Steel Corp. v. United States*, 519 F.2d 359, 364–65 (3d Cir. 1975). We are unable to read the identical language as intended by Congress to produce different results depending upon whether the 'prevailing party' is the plaintiff or the defendant. Instead, Congress by plain words rested such awards in the trial court's unfettered discretion. Had it wished that discretion to be exercised in a biased rather than an impartial manner, it could easily have said so and still can."

I questioned the correctness of this single standard theory in Title VII cases as well as § 1983 actions where a defendant prevails. On January 23, 1978, the Supreme Court made it clear that the standards for recovery of attorney's fees are different *vis-a-vis* plaintiff and defendant. See *Christianburg Garment Co. v. Equal Employment Opportunity Commission*, —— U.S. ——, 98 S.Ct. 694, 54 L.Ed.2d 648. The highest Court held that in a Title VII case a prevailing defendant may be awarded attorney's fees in the discretion of the district court only upon a finding that the "plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith."

Counsel for plaintiff in the instant case contends that in the light of the legislative history of 42 U.S.C. § 1988 the right of a prevailing plaintiff to recover attorney's fees cannot be adjudged according to Title VII standards. I do not find the history of § 1988 at all conclusive in that respect. Indeed, it points in the direction I have taken. The statutory language of the 1976 Act is plain. This Court cannot conceive that Congress would mean something entirely different when it uses the same words in similar context.

## II

In all events, the award of attorney's fees to a prevailing defendant is within the discretion of the district court. In *Christianburg Garment Co.* the Supreme Court held:

> "That § 706(k) allows fee awards only to prevailing private plaintiffs should assure that this statutory provision will not in itself operate as an incentive to the bringing of claims that have little chance of success. To take the further step of assessing attorneys' fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."

---

3. This was not a Civil Rights case but it is governed by § 1988 since it constituted "a civil action or proceeding, by or on behalf of the United States of America, to enforce . . . a provision of the United States Internal Revenue Code . . . ."

This Court does not find that the bringing and maintenance of the action for the death of plaintiff's husband was frivolous or groundless. Accordingly, the motion of defendants for award of attorney's fees must be overruled.

By the same token, this Court finds no bad faith or attempt to mislead it by the defendants in moving for award of fees as part of the costs. Plaintiff's counter motion is denied.

### III

There is one other question. It concerns the bill of court costs submitted by defendants. Plaintiff's counsel does not contest same except as it relates to a $20.00 item representing the expense of taking the pre-trial deposition of plaintiff which was not used at the trial. While a deposition may not have been read at trial, its allowance as costs is a matter of discretion for the District Court. *Mailer v. RKO Teleradio Pictures, Inc.*, 332 F.2d 747 (2nd Cir.); 6 *Moore's Federal Practice* § 54.77[4]. The item of costs in question is allowed.