Katherine JEFFRIES et al., Plaintiffs,

v.

GEORGIA RESIDENTIAL FINANCE AUTHORITY et al., Defendants.

Civ. A. No. C79–1349A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 5, 1981.

Martha A. Miller, Robert W. Cullen, Augusta, Ga., Elizabeth Youngerman, Savannah, Ga., John L. Cromartie, Jr., Atlanta, Ga., for plaintiffs.

Arthur K. Bolton, Atty. Gen., Ethel D. Anderson, Asst. Atty. Gen., Atlanta, Ga., for Ga. Residential Finance Authority.

William L. Harper, U. S. Atty., and Curtis A. Anderson, Asst. U. S. Atty., Atlanta, Ga., for federal defendants.

Jeffrey Starnes, Nation, Maddox & Starnes, Conyers, Ga., for Taptich and Midtown.

## ORDER

ROBERT H. HALL, District Judge.

There are two remaining matters in this case now pending before the court. First, plaintiffs have filed a motion to alter or amend the judgment entered on December 22, 1980, 503 F.Supp. 610, and second, the state defendants have objected to deposition costs and witness fees taxed by the clerk of this court under Rule 54(d) of the Federal Rules of Civil Procedure.

The court has carefully considered each of the grounds under which plaintiffs seek to have the court alter or amend its judgment of December 22, 1980. The court does not believe, however, that alteration or amendment is either justified or necessary. Therefore, plaintiffs' motion is DENIED.

On January 30, 1981, the clerk of this court taxed defendants $2,413.78 as costs in favor of plaintiffs pursuant to Rule 54(d). The state defendants objected to the taxation of costs in a timely manner. They argue that two items in the Bill of Costs filed with the clerk were inappropriate. First, they assert that the sum of $2,234.06 for depositions should not have been taxed against them. Second, they assert that a $36.00 witness fee was improper.

Basically, deposition costs may be taxed against a losing party when the subject deposition was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The state defendants argue that the depositions taken by plaintiffs were not so obtained. The state defendants' argument is based on the fact that the depositions for which plaintiffs seek to recover costs were not used at trial and that the court's Order of December 22, 1980, did not mention the depositions. The state defendants also argue that the depositions were unnecessary to establish any material facts in the case.

The district court has discretion in determining whether or not a deposition was necessarily obtained within the meaning of the statute, and the court's determination depends upon a factual evaluation of the case by the district judge in terms of the case's progress in his court. *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316 (5th Cir. 1978). *See also Northcross v. Board of Education*, 611 F.2d 624 (6th Cir. 1979), *cert. denied* 447 U.S. 911, 100 S.Ct. 2999, 3000, 64 L.Ed.2d 862 (1980). The court believes that most depositions are not frivolous and are obtained in contemplation of trial. "A deposition taken within the proper bounds of discovery, even if not used at trial, will normally be deemed to be 'necessarily obtained for use in the case,' and its cost will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *Federal Savings and Loan Insurance Corp. v. Szarabajka*, 330 F.Supp. 1202, 1210 (N.D.Ill.1971). The state defendants in this case have not suggested that the depositions taken by plaintiffs were either unduly prolonged or improper for any reason. Rather, the defendants assert that the depositions taken by plaintiffs were not necessarily obtained in the sense of being unessential for the court's resolution of the case.

In support of their contention, the state defendants point out that the depositions at issue were not used at trial since the case never went to trial. Of course, a deposition need not be used at trial to be considered necessarily obtained. *Dasher v. Mutual Life Insurance Co.*, 78 F.R.D. 142, 144 (S.D.Ga.1978); *Griffin v. Collins*, 443 F.Supp. 1010, 1014 (S.D.Ga.1978). The state defendants cite the court to *Amerman v. Butte Cooper & Zinc Co.*, 5 F.R.D. 30 (D.Mont.1945). *Amerman* concerns a peculiar local rule of the District of Montana, and as such is obviously inapposite.

■ In addition, the state defendants assert that the court's Order of December 22 did not mention any of the depositions. While this is true, the court did in fact refer frequently to the depositions on file. The costs of a deposition employed in a successful motion for summary judgment may be taxed against the party that does not prevail. Wright & Miller, *Federal Practice and Procedure* : Civil § 2676 (1973). Such depositions are considered to be necessarily obtained. 6 *Moore's Federal Practice* ¶ 54.-77[4]. The entry of a summary judgment against a party requires the court to proceed with a careful and thorough examination of the record to assure that no issues of fact remain that would make summary judgment inappropriate. Depositions are useful in performing that examination, and the court did in fact use them to that end in this case. Therefore, this court believes that it is well within its discretion to conclude that the depositions were necessarily obtained for use in the case. *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124 (5th Cir. 1976); *Brown v. Inter-Ocean Insurance Co.*, 438 F.Supp. 951 (N.D.Ga.1977).

Finally, the state defendants assert that the case could have been entirely resolved based on the facts stipulated between the parties and that consequently the depositions taken by plaintiffs were in a sense unnecessary. This litigation, however, has a rather lengthy history, and the stipulations of fact between the parties were not arrived at without dissension and difficulty. The court is convinced that the depositions taken by the parties were instrumental in arriving at a list of stipulated facts. As such, the depositions cannot be said to have been obtained unnecessarily even if they were not strictly essential to the court's resolution of the case.

■ Taxing the costs of deposition copies is, however, a slightly different matter. The courts are split on the proper rule for taxing the costs of copies of depositions taken by an opponent. The rule, however, within the Fifth Circuit is well-settled and allows these costs to be taxed. *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963).

The strongest argument against the taxation of costs incurred for deposition copies is that copies of depositions taken by an opponent are obtained for mere convenience rather than necessity. *Id.* This, the argument runs, is because the prevailing attorney has had access to the deposition in the clerk's office, and "as with many other expenses of a lawyer and a law office, including frequently substantial ones incurred in preparation of a case for trial—the copies [must] be charged off as a *convenience* to counsel. Being nothing more than a mere convenience, the costs may not be taxed." *Id.* at 838 (emphasis original). This argument is unconvincing, however, and "there is an abundance of common sense to justify a court allowing the costs of a deposition copy." *Id.* at 839.

Access to a copy of a deposition filed in a clerk's office is at best theoretical, and in our case, it may be fictional. The Local Rules of the Northern District of Georgia provide that complete deposition copies need no longer be filed with the court. Local Rules 181.23 and 211.1. Even were the Local Rule not as it is, as it indeed was not during a great deal of the course of the present litigation, the argument of the state defendants is still weak because it "ignores the practicalities of preparation of a case for trial." 313 F.2d at 839. Depositions play into trial preparation in a crucial manner, and preparation is the key to effective litigation. Thorough preparation is a quality that the court admires and that counsel for both sides displayed in this case. The court would not wish to discourage it in future cases.

The court believes that the rule in the Fifth Circuit represents the better view, *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178 (7th Cir. 1979), and is bound to follow that rule. The state defendants' motion objecting to the taxing of deposition costs must, therefore, be DENIED.

■ The final issue remaining regards a witness fee of $36.00. The state defendants assert that the alleged payment was never made, and have belatedly submitted an affi-

davit in support of their contention. Plaintiffs, on the other hand, assert that the payment was made and have submitted a copy of the check by which the witness was allegedly paid. The court believes that a hearing on the witness fee would be wasteful, and the parties are directed to attempt to settle their dispute over the $36.00. Subject to the state defendants' right to renew their objection, their motion as to the witness fee is also DENIED.

In summary, plaintiffs' motion to alter or amend the December 22, 1980, order is DENIED and the motion by state defendants objecting to deposition costs and witness fees taxed by the clerk is also DENIED. Costs are to be taxed according to plaintiffs' amended Bill of Costs subject to further amendment after settlement of the witness fee issue.