The **INTER–AMERICAN UNIVERSITY OF PUERTO RICO, INC. (National Direct Student Loan), Plaintiff, Appellant,**

v.

**Rafael Alicia CONCEPCION, et al., Defendants, Appellees.**

**No. 82–1826.**

United States Court of Appeals, First Circuit.

Submitted May 6, 1983.

Decided Sept. 13, 1983.

(1983). Thus that question may be resolved within the near future.

Felix A. Pellicier-Figueroa, Mayaguez, P.R., on brief, for plaintiff, appellant.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

COFFIN, Circuit Judge.

The Inter-American University (IAU) brings this appeal from the order of the United States District Court for the District of Puerto Rico dismissing, for lack of subject matter jurisdiction, IAU's action to collect money loaned to defendants under the National Direct Student Loan Program, 20 U.S.C. § 1087aa–1087ii. IAU contends that the district court has jurisdiction to entertain the suit under the federal question jurisdiction conferred in 28 U.S.C. § 1331. We disagree, and we affirm the order of the district court.

The National Direct Student Loan program (NDSL) is one of the student loan programs established under the Higher Education Act of 1965, 20 U.S.C. § 1071 *et seq.* Under the NDSL program, both the Department of Education and an eligible lending institution such as IAU make capital contributions to a loan fund. The lending institution makes loans from the fund directly to its students in exchange for promissory notes payable to the institution. The Department of Education has promulgated regulations prescribing the procedures for making and collecting the loans. 34 C.F.R. § 674.1–.59.

In the other student loan programs established by the Higher Education Act, the government's participation is that of a guarantor. *See, e.g., United States v. Bellard,* 674 F.2d 330 (5th Cir.1982); *Grove City College v. Harris,* 500 F.Supp. 253 (W.D.Pa.1980). Appellant argues that the government's participation in the NDSL program is more substantial because the government makes a capital contribution to the NDSL loan fund. The fact that the NDSL fund is derived in part from federal contributions does not, however, automatically give the federal courts jurisdiction to hear any dispute arising from the NDSL loan agreement. It is the nature of the action before the court, not the nature of the loan program, that establishes the existence or absence of federal jurisdiction.

In order to give rise to federal jurisdiction, a case must involve "a substantial claim founded 'directly' upon federal law". *Keaukaha-Panaewa Community Association v. Hawaiian Homes Commission,* 588 F.2d 1216, 1225 (9th Cir.1978) (quoting Mishkin, *The Federal "Question" in the District Courts,* 53 Colum.L.Rev. 157, 165, 168 (1953)). IAU has made no showing that either the nature of its agreement with the Department of Education or the Department's regulation of the NDSL program will be at issue, directly or indirectly, in IAU's action to recover the funds that it loaned to appellees. IAU's suit to collect the loan does not involve a right that "will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another". *Gully v. First National Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Instead, IAU's action is the action of a private lender to collect a debt from a private debtor.

Appellant argues that the district court's dismissal of the suit violated appellant's Fourteenth Amendment rights. Even if we read this claim charitably and assume that IAU intended to complain of a violation of its *Fifth* Amendment right to due process, we find no merit in the claim. IAU has no

constitutional right to pursue its debt collection action in a federal forum. The university is not foreclosed from bringing its action in the Court of the Commonwealth of Puerto Rico.

*The judgment of the district court is affirmed.*