**Carlos R. RIVERA CARBANA, Plaintiff,**

v.

**Dr. Ramon A. CRUZ, et al., Defendants.**

**Civ. No. 83–0929 HL.**

United States District Court,
D. Puerto Rico.

July 9, 1984.

**82**

Carlos R. Rivera Carbana, pro se.

William Estrella, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff has filed a lengthy and somewhat convoluted pro se complaint,[1] alleging violations of his civil rights under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 2283.

In essence, plaintiff seeks an injunction against the Interamerican University School of Law (IAU), ordering IAU to readmit him and to grant him a grade of "W" in the courses of Constitutional Law, Civil Procedure, and Law of Corporations; to allow him to repeat said courses free of tuition, costs, and with a professor of his choice; that the University be ordered to review all of plaintiff's examinations and term papers, and grade him properly; and finally, plaintiff requests judgment in the sum of $250,000.

Defendants brought a motion for summary judgment to dismiss the complaint on two grounds: that this Court lacks jurisdiction and under the doctrine of *res judicata.*

Plaintiff's claims cannot possibly serve as a basis for federal jurisdiction, either under Section 42 U.S.C.A. § 1983 or 28 U.S.C.A. § 2283.

### I. JURISDICTION

■ First, plaintiff has not properly pleaded jurisdiction under Section 2283 U.S.C. Title 28. Section 2283 is not a jurisdictional statute as such, but an embodiment of an established principle of comity.

*U.S. v. State of Washington,* 459 F.Supp. 1020 (W.D.Wash.1979).

■ Second, Section 1983 of Title 42 only fashions a remedy, and is not a jurisdictional statute. *Hagan v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Title 28 U.S.C. Section 1343(a)(3) is the jurisdictional counterpart of 42 U.S.C. § 1983. Pertinent to this action, 28 U.S.C. § 1343(a)(3) provides that the District Court has original jurisdiction of any civil action authorized by law to be commenced by any person to redress the deprivation under color of any state law, statute, ordinance, regulation, custom or the usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. Even assuming, *arguendo,* that plaintiff plead the jurisdictional statute of 28 U.S.C. § 1343, before the Court can determine whether it has jurisdiction under Section 1343(a)(3) it must first determine whether the plaintiff has stated a cause of action under 42 U.S.C. § 1983.

■ In order to state a cause of action under Section 1983, two allegations are required: (1) that some person has deprived plaintiff of a federal right, and (2) that the person who has deprived him of that right acted under color of state or territorial law. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). The "under color of state law" requirement of 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 is the same as the "state action" requirement of the Fourteenth Amendment. *United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).[2] Therefore, a cause of action under Section 1983 requires that a state, not a private party, acted to deprive one of constitutionally protected rights. *William v. Yellow Cab Co.,* 200 F.2d 302 (3rd Cir.1952), cert. denied, 346 U.S. 840, 74

---

1. The Complaint fails to comply with Rule 8(e) FRCP, which provides that each averment of a pleading shall be simple, concise and direct.

2. Puerto Rico is a "State" for the purpose of the provisions of 42 U.S.C.A. § 1983. *Ortiz v. Hernández Colón,* 511 F.2d 1080 (1st Cir.1979); *Gómez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

S.Ct. 52, 98 L.Ed. 361 (1952); *Hughes v. Marc's Big Boy*, 479 F.Supp. 834 (E.D.Wis. 1979).

■ In this case, plaintiff has failed to allege that IAU, a private university, is a state actor. *Berrios v. Interamerican University*, 535 F.2d 1330 (1st Cir.1976). Plaintiff merely alleges that the financial assistance received by the IAU from the Federal Government provides this Court jurisdiction. We hold that the mere acceptance of financial assistance from the Federal Government is not enough to equate the actions of IAU with state action. *Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir.1971); *Browns v. Mitchell*, 409 F.2d 593 (10th Cir.1969).

■ Furthermore, and even if plaintiff does make such a claim under 42 U.S.C. § 1983, "federal courts are without power to entertain claims if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or if they are obviously, as in the instant case, frivolous. *Hagan v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Plaintiff alleges in his complaint the late grading of his exams, the receipt of grades he considers to be inappropriately low, the use of harsh words by a faculty member, the disparate treatment he received in his dismissal for academic failure and other matters, as grounds for violations of his civil rights.

None of these items mentioned in the complaint relate in any way to the claimed sources of federal jurisdiction. To hold otherwise would be to provide a federal forum for every disputed examination grades so long as the student was receiving some form of federal funding.[3]

## II. RES JUDICATA.

■ Finally, this is the third time that plaintiff has brought an action based on these allegations. See, *Carlos Rivera v. Alberto Ferrer, et al.*, 676 F.2d 683, U.S. Court of Appeals for the 1st Circuit, 1982; *Carlos R. Rivera Carbaná v. Dr. Ramón A. Cruz, et al.*, PE–82–727, San Juan Superior Court, Judgment entered on October 7, 1982 and appeal dismissed, affirmed by summary disposition by the Supreme Court of Puerto Rico, on December 8, 1982, Case No. O–82–738. Therefore, we further hold that the present case is barred by the doctrine of *res judicata.*

## III. ATTORNEYS FEES.

■ The Civil Rights Attorneys Fees Awards Act authorizes the *recovery* of attorney's fees by prevailing defendants under 42 U.S.C. § 1988. The award of attorney's fees to a prevailing defendant is a matter resting within the discretion of this Court. *Griffin v. Collins*, 443 F.Supp. 1010 (S.D.Ga.1978).

■ It is clear that the prevailing defendant is entitled to an award of attorney's fees if the action was brought against it in bad faith. *Kane v. New York*, 468 F.Supp. 586 (S.D.N.Y.), aff'd. without op. 614 F.2d 1288 (2d Cir.1979); *Griffin v. Collins, supra.*

■ Furthermore, the defendant is entitled to an award in an action not brought in purposeful bad faith, if the action is frivolous, unreasonable, or without foundation. *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Wainwright v. Allen*, 461 F.Supp. 293 (D.C.N.D. 1978). However, the Courts have only cautiously awarded attorney's fees to a prevailing defendant in cases brought by pro se plaintiffs. *Hughes v. Rowe, supra.*

---

**3.** Plaintiff's motion requesting leave to amend complaint to include a United States Agency, Veterans Administration, as a defendant, is hereby denied for the reasons set forth in this opinion. In order to give rise to federal jurisdiction a claim must involve substantial allegations anchored directly in federal law. *Inter-American University v. Concepción, et al.*, 716 F.2d 933, 1983. In said motion to amend complaint, plaintiff alludes to 38 U.S.C. § 1782. Said statute refers to the statutory framework for Veterans Administration supervision for approval of courses and the mechanic of that Agency's payment of educational assistance to students in an educational institution. Said statute, however, creates no substantive rights for the student participating in such programs.

In this case, Rivera has been a persistent litigator. He has already been afforded not just one, but three full and fair opportunities to litigate his alleged personal contract claim and his constitutional rights violation claims. Despite the dismissal of two of these actions in the state and federal courts, the plaintiff has initiated this further action. This Court finds this to be another attempt to harass and embarrass defendants.

The fact that plaintiff appears pro se is not a license to abuse the process of the Court and to use the Court without restraint as an instrument to harass defendants. *Kane v. New York*, 468 F.Supp. 586, at 592 (S.D.N.Y.1979).

We are mindful of the fact that under ordinary circumstances, the Court is reluctant to award attorney's fees against a pro se litigant. However, the commencement of this action after having two prior actions dismissed, is clearly frivolous, vexatious, and brought for harassment purposes. The Court finds that an award of counsel fees to defendants is warranted, under Civil Rights Act[4], but will be limited to the services rendered in this action.

WHEREFORE, defendants' motion to dismiss for lack of jurisdiction is hereby GRANTED. Defendants are hereby granted ten days to file an application for attorney's fees.

Costs to be taxed to plaintiff.

---

**4.** See *Rosaly v. Ignacio,* 593 F.2d 145 (1st Cir. 1979); *Furtado v. Bishop,* 604 F.2d 80 (1st Cir. 1979); *King v. Greenblatt,* 560 F.2d 1024 (1st Cir.1977).