Michel T. BLOUIN, Plaintiff-Appellant,

v.

LOYOLA UNIVERSITY and Fr. Bernard Tonnor et al., Defendants-Appellees.

No. 74–3289

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1975.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Steven R. Plotkin, New Orleans, La., for plaintiff-appellant.

Thomas A. Rayer, New Orleans, La., for defendants-appellees.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appellant brought suit for damages against Loyola University (Loyola) and certain of its officials, claiming that his First Amendment right of free speech and Fourteenth Amendment right of due process had been infringed when the defendant university refused to renew his teaching contract. The district court granted Loyola's motion for summary judgment and dismissed the suit on the basis that Loyola was not clothed with state action and that the court had no jurisdiction under 28 U.S.C. § 1331.

Appellant alleges certain facts which he contends result in the requisite "state action." He asserts that Loyola is the sole owner and operator of a radio station and a television station which are licensed under the Federal Communications Act of 1934 and are subject to its regulatory provisions. Additionally, appellant points out that Loyola, as a private, non-profit corporation, enjoys certain federal and state tax exemptions. He claims that it receives substantial federal and state monies in the form of grants, subsidies, student scholarships, and loans. Finally, appellant suggests that a finding of state action would be justified by the fact that Loyola is a corporation organized and incorporated under the laws of the State of Louisiana.

Loyola maintains that none of these factors, either individually or

collectively, are of the nature, kind, or degree to support a finding of state action. We agree.

■■ The licensing of an otherwise private entity by the government does not, of itself, require a finding of state action. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). Furthermore, the record does not disclose any "nexus" between the alleged unconstitutional activity and the purported federal and state government involvement. Accordingly the order of the district court dismissing the complaint is affirmed. *See* Wahba v. New York University, 492 F.2d 96 (2d Cir. 1974); Grafton v. Brooklyn Law School, 478 F.2d 1137 (2d Cir. 1973); Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971); Pendrell v. Chatham College, 370 F.Supp. 494 (W.D.Pa. 1974); Grossner v. Trustees of Columbia University, 287 F.Supp. 535 (S.D.N.Y.1968).

Judgment affirmed.