**Margarita BERRIOS, Plaintiff, Appellant,**

v.

**INTER AMERICAN UNIVERSITY et al., Defendants, Appellees.**

**Victor VILLALBA et al., Plaintiffs, Appellants,**

v.

**INTER AMERICAN UNIVERSITY et al., Defendants, Appellees.**

Nos. 75–1388, 75–1393.

United States Court of Appeals, First Circuit.

Argued Feb. 5, 1976.

Decided May 20, 1976.

Luis A. Suarez Zayas, Hato Rey, P. R., with whom Pedro J. Varela Fernandez, Maria Delores Fernos, Pedro J. Saade Llorens and Sonia A. Rodriguez, Rivera Hato Rey, P. R., were on brief, for appellants.

Enrique Alcaraz-Casablanca, Mayaguez, P. R., with whom William Estrella and Igor Dominquez, San Juan, P. R., were on brief, for appellee.

Before McENTEE, CAMPBELL and MATTHES,* Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

■ Plaintiffs, students at the San Juan and Aguadilla campuses of Inter American University (the University), were suspended for their part in student strikes at the two campuses and brought these actions for declaratory and injunctive relief under 42 U.S.C. § 1983.[1] They allege violations of their constitutional rights under the first, fifth, eighth and fourteenth amendments. In *Berrios*, a three-judge court was convened,[2] and in both cases the district court allowed defendants' motions to dismiss for lack of jurisdiction, finding that the action of the University in suspending plaintiffs was not state action under 42 U.S.C. § 1983. 409 F.Supp. 769 (D.P.R.1975).[3]

■ A cause of action under § 1983 requires that a state, not a private party, act to deprive one of constitutionally protected rights. *Civil Rights Cases*, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883).[4] Plain-

---

* Senior judge of the Eighth Circuit sitting by designation.

1. Berrios, on whose briefs appellant Villalba is also proceeding, abandoned earlier-stated claims under 42 U.S.C. §§ 1981 and 1985.

2. We need not consider whether more than one judge was in fact required. *See* 28 U.S.C. §§ 2281 *et seq*. As three judges can do what one can do, although the reverse is not always so, it is sometimes deemed wise to avoid jurisdictional issues by assembling the larger body.

3. Puerto Rico is a "state" for the purposes of § 1983. *Ortiz v. Hernandez Colon*, 511 F.2d 1080 (1st Cir. 1975), *appeal filed*, 43 U.S.L.W. 3677 (U.S. June 3, 1975) (No. 74–1522). It is not disputed that the appeal is properly before us and not the Supreme Court. *See MTM, Inc. v. Baxley*, 420 U.S. 799, 955 S.Ct. 1278, 43 L.Ed.2d 636 (1975).

4. Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom or us-

**1332**

tiffs here assert two grounds for holding the University a state actor. They urge first that the Commonwealth is so closely involved in the affairs of the University that actions of the University with respect to student discipline are tantamount to actions of the state. *See Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). In support of this contention, they point to the University's receipt of financial assistance through tax exemptions and Puerto Rico's program of student aid;[5] regulation by the Counsel on Higher Education (CHE), a public body that accredits institutions of higher learning; and the alleged power of CHE to oversee the University's disciplinary procedures. In none of these, individually or together, did the district court find sufficient cause to attribute the University's disciplinary actions to the Commonwealth.

Plaintiffs contend, secondly, that because of Art. II, § 5 of the Puerto Rico Constitution, providing that "every person has the right to an education", and the Commonwealth's regulation and support of higher education, any institution in Puerto Rico offering higher education to the public, albeit private, is fulfilling a public function and is to be treated as an arm of the state. *See Evans v. Newton*, 382 U.S. 296, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966); *Marsh v. Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946); *Nixon v. Condon,* 286 U.S. 73, 52 S.Ct. 484, 76 L.Ed. 984 (1932). The district court rejected this theory too, pointing to the Supreme Court's rejection of the public function theory as applied to education, *see Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 354 n.9, 95 S.Ct. 449, 455, 42 L.Ed.2d 477, 485 (1974), *quoting Evans v. Newton, supra,* 382 U.S. at 300, 86 S.Ct. at 489, 15 L.Ed.2d at 377, and holding that the

"general statement in the Puerto Rico Constitution . . . is [not] enough to make higher education a uniquely public function in Puerto Rico".

■ We agree with the district court's reasoning on both scores. As to the first, after pointing out the pervasiveness of government regulation today, the court followed the admonition of the Supreme Court to sift facts and weigh circumstances, *Burton v. Wilmington Parking Authority, supra,* 365 U.S. at 722, 81 S.Ct. at 860, 6 L.Ed.2d at 50, to determine whether the private entity was so intertwined with the state as to be subject to the standards of lawful activity imposed upon public institutions. We need not repeat the evidence of record, found in the parties' stipulations and exhibits and detailed more fully in the opinion below, nor the court's analysis. The facts and circumstances fell well short of showing that either the University or the challenged disciplinary proceedings were so closely associated with the Commonwealth as to warrant judicial scrutiny under § 1983.

As the district court indicated, this circuit has not previously ruled on a claim that actions of a private university constitute state action for purposes of § 1983. A number of such claims have been litigated elsewhere, however, and while each situation depends on its own facts, courts generally have been reluctant to find from factors of the sort relied upon by appellants that a private university is a state actor. *Greenya v. George Washington University,* 167 U.S.App.D.C. 379, 512 F.2d 556 (1975), *cert. denied,* 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369, 44 U.S.L.W. 3330 (1975); *Spark v. Catholic University of America,* 167 U.S.App.D.C. 56, 510 F.2d 1277 (1975);

---

age, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**5.** The district court properly refused to take into account financial assistance from the federal government in considering the presence of state action. *See, e. g., Blackburn v. Fisk University,* 443 F.2d 121 (6th Cir. 1971); *Browns v. Mitchell,* 409 F.2d 593 (10th Cir. 1969).

*Blouin v. Loyola University*, 506 F.2d 20 (5th Cir. 1975); *Grafton v. Brooklyn Law School*, 478 F.2d 1137 (2d Cir. 1973); *Robinson v. Davis*, 447 F.2d 753 (4th Cir. 1971), *cert. denied*, 405 U.S 979, 92 S.Ct. 1204, 31 L.Ed.2d 254 (1972); *Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971); *Browns v. Mitchell*, 409 F.2d 593 (10th Cir. 1969); *Powe v. Miles*, 407 F.2d 73 (2d Cir. 1968); *Pendrell v. Chatham College*, 370 F.Supp. 494 (W.D.Pa.1974); *Grossner v. Trustees of Columbia University*, 287 F.Supp. 535 (S.D.N.Y.1968); *Guillory v. Administrators of Tulane University*, 212 F.Supp. 674 (E.D.La.1962). *But see Buckton v. National Collegiate Athletic Association*, 366 F.Supp. 1152 (D.Mass.1973).

For ourselves, we approach with some caution any labelling that might incidentally contribute to the erosion of the autonomy and diversity of private colleges and universities. *See* Bok, President's Report, 1974–75, Harvard University. On this record we are satisfied that the district court did not err in finding insufficient evidence of state involvement.

We also agree with the court below that nothing in the Constitution or the educational policy of Puerto Rico makes higher education at the University a public function. Higher education is not generally regarded as exclusively a function "traditionally associated with sovereignty", *see Jackson v. Metropolitan Edison Co., supra*, 419 U.S. at 353, 354 n.9, 955 S.Ct. at 455, 42 L.Ed.2d at 485; *Greenya v. George Washington University, supra; Blackburn v. Fisk University, supra; Browns v. Mitchell, surpa; Powe v. Miles, supra; Grossner v. Trustee of Columbia University, supra. But see Belk v. Chancellor of Washington University*, 336 F.Supp. 45 (E.D.Mo.1970). Indeed, private higher education had always occupied a distinctive niche in our society. However the Constitution of Puerto Rico is read with respect to higher education, we find nothing in it that remotely calls into question the traditional status of private colleges and universities.

*Affirmed.*