Hans **LORENTZEN**

v.

**BOSTON COLLEGE.**

Civ. A. No. 74–4308–F.

United States District Court, D. Massachusetts.

Oct. 12, 1977.

Lois Lewis, West Newton, Mass., pro se.

Brian LeClair, Philip Burling, David Schaefer, Foley, Hoag & Eliot, Boston, Mass., for Boston College.

## ORDER

FREEDMAN, District Judge.

This is an action under 42 U.S.C. § 1983 (hereinafter "Section 1983"). Plaintiff claims that he was denied due process when defendant Boston College declined to continue his employment as an instructor after the 1972–1973 academic year. The action was initially brought *pro se*; subsequently, counsel was appointed.

The defendant moved to dismiss the action alleging that the Court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted. The Court ordered evidentiary development of the issue of "state action" in order to determine whether it has jurisdiction and stayed determination of the sufficiency of the claim stated. That Order, dated September 23, 1975, has now been complied with. After due consideration, the Court finds that the conduct of the defendant was not "state action." The defendant's motion to dismiss is therefore granted.

Section 1983, provides a cause of action against a person who acting "under color of any statute . . . of any State" deprives another of a legal or constitutional right. The district courts are vested by 28 U.S.C. § 1343(3) with jurisdiction over actions "to redress the deprivation, under color of any State law . . ." of rights secured by the Constitution and federal civil rights laws.

■ "State action" is an essential element of a cause of action under Section 1983 and of jurisdiction under 28 U.S.C. § 1343(3). *See Civil Rights Cases*, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883); *Krohn v. Harvard Law School*, 552 F.2d 21 (1st Cir. 1977); *Berrios v. Inter American University*, 535 F.2d 1330 (1st Cir. 1976). The Supreme Court has stated that the test for "state action" in the Section 1983 context is whether, after detailed inquiry,

. . . there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.

*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974).

■ Defendant Boston College is chartered by the Commonwealth of Massachusetts, enjoys both state and local tax exemption by reason of its nonprofit status, and receives less than 1% of its income from state grants and contracts. These factors are insufficient to establish "state action" for purposes of Section 1983. *Lamb v. Rantoul*, 561 F.2d 409 (1st Cir. 1977). Plaintiff's contentions that federal involvement could elevate these factors to the threshold "state action" required by Section 1983 is without merit. *See Molinar v. Western Electric Co.*, 525 F.2d 521, 532 (1st Cir. 1975), *cert. denied*, 424 U.S. 978, 96 S.Ct. 1485, 47 L.Ed.2d 748 (1976).

■ Plaintiff claims that defendant Boston College performs functions which are governmental in nature, such as exercising dominion over and providing education to its students. Plaintiff cites *Buckton v. National Collegiate Athletic Association*, 366 F.Supp. 1152 (D.Mass.1973), in support of this contention. The theory that a finding of "state action" may be premised on quasi-governmental functions performed by a private entity is of merit only where the private entity assumes all of the attributes of a governmental subdivision or the complained of action is the exercise of a traditionally sovereign power delegated to the entity by the state. *Hudgens v. NLRB*, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976); *Jackson v. Metropolitan Edison Co.*, *supra*. Private colleges do not assume all of the attributes of a governmental subdivision, nor is education a uniquely public function. *Powe v. Miles*, 407 F.2d 73, 80 (2d Cir. 1968).

After "sifting facts and weighing circumstances," *Burton v. Wilmington Parking*

*Authority*, 365 U.S. 715, 722, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), this Court finds that plaintiff has shown insufficient "state action" to support his claim under Section 1983 and 28 U.S.C. § 1343(3). The finding that the conduct of Boston College in declining to continue plaintiff's employment as an instructor does not constitute "state action" is consistent with the law in this Circuit. *Lamb v. Rantoul, supra*; *Krohn v. Harvard Law School, supra*; *Berrios v. Inter American University, supra*.

Since the plaintiff has shown insufficient "state action" to support his claim, the Court lacks jurisdiction over the subject matter of this action.

Accordingly, the defendant's motion to dismiss is granted.