**Sheila RENDELL–BAKER, Plaintiff,**

v.

**Sandra KOHN et al., Defendants.**

**Civ. A. No. 77–2236–C.**

United States District Court, D. Massachusetts.

April 16, 1980.

Robert J. Doyle, Doyle, Playter, Novick & Berkin, Anitra D. Lanczi, Boston, Mass., for plaintiff.

Betty E. Waxman, Asst. Atty. Gen., Stephen B. Goldenberg, Israel & Goldenberg, David Le Francois, Boston, Mass., Matthew H. Feinberg, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

In 1977 plaintiff, Sheila Rendell-Baker filed this action alleging that she had been discharged from her position as vocational counselor at New Perspectives School, Inc. in Brookline, Massachusetts in violation of her rights under the First, Fifth and Fourteenth Amendments and 42 U.S.C. § 1983. Plaintiff invoked the jurisdiction of this court pursuant to 28 U.S.C.A. §§ 1331, 1343, 1361 and 2202.

The complaint as amended names as defendants, New Perspectives School, Inc., the members of that school's board of directors

both individually and in their "their official capacities" (hereinafter the school defendants), as well as Francis X. Bellotti, Chairman of the Massachusetts Committee on Criminal Justice (hereinafter the Committee) and Robert J. Kane,[1] Executive Director of the Committee (hereinafter the State defendants).[2]

The matter is currently before the court on a motion for summary judgment filed by defendants Bellotti and Highgas. In support of their motion the state defendants argue that the court has no subject matter jurisdiction over the controversy because the plaintiff's termination was not sufficiently imbued with state action to trigger constitutional safeguards. They further argued that even if the court does find that the complained of actions were "under color of state law", the State defendants cannot be charged with responsibility for the plaintiff's dismissal. Plaintiff opposes the motion and the parties have submitted affidavits to the court in support of their respective positions.

It is assumed for purposes of this motion that the Plaintiff was dismissed as a result of a legitimate exercize of her free speech and that her dismissal was not accompanied by the procedural safeguards which would be required if the action were attributable to the State. It is also conceded that at all times pertinent to the complaint, the School was subject to extensive state regulation and was the recipient of substantial public funding.

New Perspectives School, Inc. is incorporated under the laws of the Commonwealth of Massachusetts and operates as an alternative high school for students who have trouble functioning in a traditional high school setting. It is funded in large part by local, state and federal sources and is subject to extensive governmental regulation. At all times pertinent to the complaint New Perspectives School was the recipient of funds from the Massachusetts Committee on Criminal Justice and the position of the plaintiff as vocational counselor was funded by that particular source.

The Massachusetts Committee on Criminal Justice was established pursuant to Mass.Gen.Laws, ch. 6, § 156 and is comprised of various State officials and appointees. As one of its duties the Committee accepts funds from the Law Enforcement Assistance Administration (hereinafter LEAA) and awards subgrants to eligible applicants within the state.

Plaintiff argues that the Commonwealth of Massachusetts is so thoroughly intertwined with the day to day functions of the school as to warrant the conclusion that any action taken by the school is state action.[3] Plaintiff points to the substantial state funding provided to the school and the extensive state regulation to which the school is subject. Plaintiff also maintains that the school performs a traditionally public function in that it provides its students with a free education, provides a non resident drug treatment program and generally furthers the goals of the State's criminal justice system. Plaintiff further argues that the school could not have terminated her employment without the approval of the Committee.

---

1. Mr. Kane has since been replaced as Executive Director by William Highgas, Jr. who is now defending this action.

2. Although two federal defendants were named in the original complaint, their motion to dismiss was allowed by the Court in 1979.

3. Plaintiff asserts that the state action requirement may be satisfied even in the absence of a nexus between the state and the challenged activity. In so arguing she relies on *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961) and the language of the Court of Appeals for the First Circuit in *Berrios v. Inter American University*,

535 F.2d 1330 (1976). This Court accepts the correctness of the legal principles enunciated by plaintiff especially in light of *Downs v. Sawtelle*, 574 F.2d 1 (1st Cir. 1978) *cert. denied* 439 U.S. 910, 99 S.Ct. 278, 58 L.Ed.2d 255 (1978). However, the allegations of state involvement in the general management of the school which appear in the complaint and in the additional materials submitted for purposes of opposing this motion, do not approach a level of involvement which would suggest that a symbiotic relationship may have existed between the school and the state. Further discussion on that issue is therefore unwarranted.

The State defendants argue that the School does not perform a traditionally public function and that substantial state funding and regulation alone do not necessarily give rise to a finding of state action. They maintain that there must be direct state involvement with the complained of activity. The State defendants further argue that although the Committee plays a role in the hiring [4] of personnel, it has nothing to do with post hiring personnel decisions. Thus, they conclude, that there can be no direct state involvement in the activity complained of in this case.

■ "A cause of action under § 1983 requires that a state, not a private party, act to deprive one of constitutionally protected rights." *Berrios v. Inter American University, supra* at 1331. There are occasions however when the actions of a private party may be attributed to the state. *Burton v. Wilmington Parking Authority, supra.*

While the court agrees with the defendants that New Perspectives School, Inc. does not perform a uniquely public function, some further discussion is necessary on the issue of whether the state involvement here went beyond substantial funding and extensive regulation and extended to the complained of activity itself.

> Our inquiry must be, as the Court put it in *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974) "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.

*Lamb v. Rantoul*, 561 F.2d 409 (1st Cir. 1977). *Krohn v. Harvard Law School*, 552 F.2d 21 (1st Cir. 1977).

■ Although the recipients of funding are subject to the rules, regulations and directives of the committee and although the committee may impose special conditions in a given case, there are no regulations or conditions in the case at bar which relate to the suspension or termination of individuals employed by the school. The Committee does play a role however in the decision to hire personnel. In a letter dated February 23, 1977 the school was informed by the Committee's General Counsel, Mr. Tobin:

> While the Committee makes no comment on the matter, [plaintiff's termination], you are advised that no candidate to fill the subject position will be approved until such time as you provide me with written justification of your action, specifically citing any rules and regulations under which the action was taken.

In two subsequent letters the school outlined both its reasons for the decision to terminate the plaintiff's employment and the termination procedures which it had followed. Although satisfied with the School's outline, Mr. Tobin cautioned the School as follows:

> You are advised, however, that if you move to fill the vacant position and you choose to expend funds, you will not have LEAA money available to meet a successful claim for back pay by Ms. Rendell-Baker. Payment of such a claim would be allowable to the extent that the salary remains unexpended. LEAA funds may not be used to pay any other form of damages or any fines or penalties that might be levied against the New Perspective School, Inc.

I rule that the decision as to whether or not the plaintiff's employment should be

---

4. Applications to the Committee for the award of a subgrant must provide the Committee with a program description which contains the job qualifications and responsibilities of staff hired in the course of implementing the program. If a subgrant application is approved, that program description is incorporated into a standard contract which also contains certain conditions incident to funding. One such condition is that the "[p]rior approval of the committee is required for staff hiring . . ." Such approval usually consists of a review of the resume of the proposed staff member to ascertain whether the qualifications stated therein are consistent with the qualifications which were proposed by the applicant (in this case New Perspectives School, Inc.) and approved by the Committee. The Committee does not conduct job interviews.

terminated and the decision as to whether or not she should be replaced are two separate and distinct matters. The former was a determination to be made by the School alone. The Committee was involved only with the latter. There is no indication in the case at bar that the power of New Perspectives School, Inc. to terminate its employees was in any way "circumscribed" by the Committee. *See McQueen v. Druker*, 438 F.2d 781, 784–85 (1st Cir. 1971).

On the basis of the foregoing I rule that there was no state action because there was not a "sufficiently close nexus" between the committee and plaintiff's termination upon which this court may base a ruling that the actions of the school are properly attributable to the state for purposes of federal jurisdiction.

The State defendants' motion should be allowed. *A fortiori* the action should be dismissed as to all remaining defendants.

Order Accordingly.