Kendrix M. EASLEY,
Plaintiff–Appellant,

v.

UNIVERSITY OF MICHIGAN BOARD OF REGENTS; Terry Sandalow, Individually, and as Dean of the Law School; et al., Defendants–Appellees.

No. 86–1483.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 15, 1988.

Decided July 2, 1990.

Rehearing and Rehearing En Banc Denied Sept. 6, 1990.

Kendrix M. Easley (argued), Detroit, Mich., pro se.

Doris M. Harker (argued), Ann Arbor, Mich., for defendants-appellees.

Before MERRITT, Chief Judge,
RYAN, Circuit Judge, and PECK, Senior Circuit Judge.

RYAN, Circuit Judge.

Kendrix M. Easley has been engaged in an ongoing effort to obtain, through litigation, a law degree and damages from The University of Michigan. The history of the case, and our final disposition of all the issues previously raised, save one, may be found in *Easley v. Univ. of Michigan Bd. of Regents, et al.*, 853 F.2d 1351 (6th Cir. 1988). The one issue not resolved in *Easley* is the plaintiff's appeal of the refusal of the district judge who tried the case, Honorable John Feikens, to recuse himself. We declined to resolve that issue on the record before us when the district court's judgment was first appealed and we remanded the matter with instructions to the district court to conduct a hearing, enlarge the record, and make specific findings of fact and conclusions of law relating to the claim that Judge Feikens abused his discretion in declining to recuse himself under the provisions of 28 U.S.C. §§ 144 and 455. We retained jurisdiction.

The Honorable Barbara Hackett conducted the required hearing and concluded in a written opinion that Judge Feikens did not abuse his discretion in denying the recusal motion. For the reasons that follow, we resolve the recusal issue against the appellant, deny the emergency motion for recusal, and affirm the judgment of the district court at 632 F.Supp. 1539 (E.D.Mich.1986).

For the reader's convenience, we shall recount briefly such details of the case as are necessary to an understanding of the recusal issue and the context in which it is presented.

## I.

On November 21, 1984, appellant Easley, formerly a student at The University of Michigan School of Law, but who was suspended for plagiarism,[1] filed an eight-count complaint in the United States District Court for the Eastern District of Michigan against a number of officials of the University. In *Easley*, we described the appellant's eight claims as follows:

Count I: The University of Michigan lacks jurisdiction and authority to rescind a degree.

Count II: A violation of procedural due process and rights secured by the fourth amendment.

Count III: A violation of substantive due process.

Count IV: Race discrimination.

Count V: A violation of the Elliott–Larsen Civil Rights Act, Michigan Complied Laws Annotated (MCLA) § 37.2101, *et seq.*

Count VI: Breach of contract.

Count VII: Negligence.

Count VIII: Intentional interference with contractual relations.

853 F.2d at 1353–54.

Defendants moved to dismiss the complaint and Easley responded. In addition, he filed a motion to disqualify Judge Feikens based upon the Judge's association with the University's Law School and "his well-publicized Negrophobia."

Prior to trial, the court dismissed Count I of the complaint because it alleged no basis for federal jurisdiction, denied summary judgment, declined to dismiss Counts II, III and IV, and declined to exercise pendant jurisdiction over the state law claims alleged in Counts V, VI, VII and VIII, 619 F.Supp. 418 (E.D.Mich.1985), dismissing those claims without prejudice.

For an understanding of what occurred next, we burden this opinion with a quotation from a portion of what we said in *Easley:*

After this court denied Easley's subsequent petition for a writ of mandamus directing Judge Feikens to disqualify himself, the district court held a bifurcated bench trial on Easley's equitable claim. The court found it unnecessary to determine whether Easley's equitable claim was grounded in procedural or substantive due process because based upon its view of the facts, the court concluded, as a matter of law, that since Easley had never completed his degree requirements, he, therefore, never obtained a property interest in a J.D. degree. *Easley v. University of Michigan Bd. of Regents*, 627 F.Supp. 580 (E.D.Mich. 1986). Accordingly, the court denied Easley's claim for injunctive relief and entered a judgment of no cause of action.

Easley renewed his motion to disqualify Judge Feikens and also moved for a new trial before an unbiased judge. The motion was predicated upon the same allegations of bias underlying Easley's earlier unsuccessful motion to disqualify and was apparently filed without the knowledge or consent of Easley's attorney, causing the latter to withdraw. Defendants moved for summary judgment on Easley's remaining legal claims.

Judge Feikens subsequently denied Easley's motions to disqualify and for a new trial. *Easley v. University of Michigan Bd. of Regents*, 632 F.Supp. 1539 (E.D.Mich.1986). Further, after examining the pleadings and documents, and after an extended colloquy with Easley, who was proceeding *pro se* at this point, Judge Feikens granted defendants' motion for summary judgment on Easley's equal protection and first amendment claims and dismissed Easley's search and seizure claim for failure to plead brief, simple, and clear facts showing a basis for relief. *Id.* This appeal followed.

853 F.2d at 1355 (footnote omitted).

We then rejected Easley's appeal on the substantive issues, concluding:

---

**1.** At the time of his suspension, Easley had earned all but one credit required for a law degree.

Assuming that Judge Feikens should not have disqualified himself, we find no error in the court's disposition of Easley's equitable and legal claims. However, given the strong interest in promoting public confidence in the integrity of the judicial process, we must look more closely at the affiliations alleged by Easley to determine if Judge Feikens abused his discretion in denying Easley's two motions for disqualification under 28 U.S.C. §§ 144 and 455.

853 F.2d at 1355.

In parts III. and IV. of our opinion in *Easley*, 853 F.2d at 1355, *et seq.*, we discussed in detail Easley's motions to disqualify Judge Feikens under 28 U.S.C. §§ 144 and 455. We observed that Easley made a number of allegations in support of his motion for recusal relating to Judge Feikens' alleged association with The University of Michigan and his alleged racial bias. We rejected Easley's claim of racial bias as entirely unwarranted and then turned to the allegations of Judge Feikens' association with The University of Michigan.

We noted that while some of the grounds advanced for seeking Judge Feikens' disqualification on the basis of his own and his sons' affiliation with The University of Michigan are patently meritless, out of an abundance of caution, others deserved scrutiny on remand. That "abundance of caution," we said, derived principally from "the strong interest in promoting public confidence in the integrity of the judicial process." To fully protect that "strong interest," we reserved our decision on the recusal issue as it relates to Judge Feikens' alleged association with the University and remanded the matter to the district court. We directed that:

> [T]he district court shall conduct an evidentiary hearing for the limited purposes of (1) enlarging the record regarding the nature of Judge Feikens' associations and affiliations with the Law School, its faculty, and its administrators; (2) determining whether Judge Feikens acquired extra-judicial knowledge of matters material to this controversy through these

associations, particularly the Law School's Committee of Visitors; and (3) determining, notwithstanding the court's findings regarding (2) above, whether, because of such associations, Judge Feikens' impartiality in this matter might "reasonably be questioned."

853 F.2d at 1358.

Prior to the hearing on remand, appellant filed a number of requests to obtain discovery through interrogatories, requests for admissions, and depositions upon oral examination. In a scheduling order dated January 13, 1989, Judge Hackett set the closing date for discovery at March 6, 1989, limited the form of discovery to interrogatories and request for production of documents, and set a date for the evidentiary hearing at which "[a]n opportunity for examination of witnesses will be available." On February 17, 1989, the district court denied Easley's motion to modify the scheduling order to permit "depositions upon oral examination" and "requests for admissions" for the reason that Easley was not being denied access to information. On March 9, 1989, in response to defendants' objection to certain of Easley's interrogatories, the district court granted defendants a protective order because they

> have complied with the discovery order entered by the court and have made available to plaintiff requested information relative to the subject matter to be developed during the evidentiary hearing . . . .

On that date, and for the same reason, the district court also denied Easley's motion to compel discovery and his request for sanctions against the defendants.

Pursuant to discovery, Judge Feikens submitted an affidavit defining the scope of his affiliations with The University of Michigan. He stated that he is an alumnus of the Law School; that he was a volunteer fundraiser for the Law School Fund in 1964; that since 1981 he has been a member of the Committee of Visitors of The University of Michigan Law School, the purposes of which are essentially social and informational; that he did not participate in board affairs during the period in which

Easley's case was pending before him; and that he is a member of The University of Michigan Club of Detroit through which he participates in athletics-related social events.

In response to Easley's interrogatories, the six individual defendants, administrators and faculty members at The University of Michigan, candidly detailed their associations with Judge Feikens. And, The University of Michigan, as a defendant, produced materials describing the purpose and activities of the Committee of Visitors, corroborating the disclosures Judge Feikens made in his affidavit.

On April 17, 1989, Judge Hackett conducted an evidentiary hearing. In a written "Findings and Conclusions" issued that same day, she stated, in relevant part:

1) The record regarding the nature of Judge Feikens' associations with the law school, its faculty, and its administrators has been enlarged and a hearing held which allowed the parties an opportunity to state their positions in this matter; 2) Examination of witnesses during the hearing was not permitted because plaintiff was unable to identify a single fact in dispute, other than his conclusory allegations that all documents provided were false and that all involved in this matter had lied, as evidence in the transcript of the hearing held in this matter; 3) Nothing in this record supports a finding that Judge Feikens acquired actual or constructive extra-judicial knowledge of matters material to this controversy through his various associations with The University of Michigan or its law school; 4) Nothing in this record supports a finding that the judge's impartiality might reasonably be questioned, other than plaintiff's conclusory allegations.

## II.

## A.

After receiving copies of Judge Hackett's findings of fact and conclusions of law, the parties filed supplemental briefs in this court. Appellant's brief, consistent with the pattern that has marked his approach to this litigation from the beginning, focuses upon his objections to the district court's calendaring decisions, discovery orders, and procedural rulings relating to the evidentiary hearing on remand, and not upon the substantive issues for which the remand was ordered. Appellant frames four issues in his supplemental brief, no one of which is addressed to the specific purposes for which we ordered remand to the district court, or to the substance of Judge Hackett's findings that Judge Feikens did not abuse his discretion in declining to grant appellant's motion for recusal. Although appellant has not addressed in his supplemental brief the issues for which we remanded the matter to the district court, we have carefully examined, nevertheless, each of his four assignments of error relating to the procedures employed by Judge Hackett in conducting the mandated evidentiary hearing, and we conclude that none of the issues raised in appellant's supplemental brief have the slightest merit.

■ We turn, therefore, to the final issue left unresolved in *Easley:* Whether Judge Feikens abused his discretion in denying appellant's motion for recusal on the basis of the Judge's alleged associations with The University of Michigan. We consider the issue, having in mind the rule that:

Recusal is mandated ... only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *See Trotter v. Int'l Longshoremen's & Warehousemen's Union,* 704 F.2d 1141 (9th Cir.1983).

## B.

To repeat, our three instructions to the district court on remand were: 1) to enlarge the record regarding Judge Feiken's affiliations with the Law School; 2) to determine whether Judge Feikens obtained extra-judicial knowledge of Easley's case; and 3) to decide whether Judge Feikens' impartiality might be reasonably questioned in this case. These instructions were formulated with particular concern

for the provisions of 28 U.S.C. § 455, which states in pertinent part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

. . . .

The record as enlarged below consists of Judge Feikens' affidavit, affidavits of the defendants and several University of Michigan employees responding to Easley's interrogatories, and other materials supplied by the defendants in response to Easley's requests for documents. Judge Hackett invited Easley to bolster his allegations of bias with further evidence, but Easley failed to produce anything. Hence, the district court fully complied with our first instruction on remand.

■ Nothing in the expanded record suggests that Judge Feikens was privy to extra-judicial information relating to Easley's situation at The University of Michigan Law School or to his claim against the University based on his affiliations with the Law School. Repeating Judge Hackett's third finding:

Nothing in this record supports a finding that Judge Feikens acquired actual or constructive extra-judicial knowledge of matters material to this controversy through his various associations with The University of Michigan or its law school.

Hence, the district court complied with our second instruction on remand.

Nor does the current record support Easley's unsubstantiated assertion that Judge Feikens' impartiality should be questioned. Judge Hackett specifically found:

Nothing in this record supports a finding that the judge's impartiality might reasonably be questioned, other than plaintiff's conclusory allegations.

Hence, the district court complied with our third instruction on remand.

Having been provided the necessary supplements to our prior decision, we now hold that Judge Feikens did not abuse his discretion in refusing to recuse himself from Easley's litigation with The University of Michigan, pursuant to Easley's 28 U.S.C. §§ 144 and 455 claims. Without more, the amicable feelings Judge Feikens undoubtedly has for his alma mater, The University of Michigan, fail to demonstrate a sufficient basis for his recusal. *See Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 11 (1st Cir.1981).

### III.

For the foregoing reasons, we AFFIRM the decision of the district court.