27 F.3d 554
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Benjamin HOOVER, JR., Plaintiff, Appellant,
v.
SUFFOLK UNIVERSITY LAW SCHOOL, ET AL., Defendants, Appellees.
 No. 93-2074
 United States Court of Appeals,
First Circuit.
 June 13, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. A. David Mazzone, U.S. District Judge ]
 Benjamin Hoover, Jr. on brief pro se.
 D.Mass.
 AFFIRMED.
 Before Torruella, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff-appellant Benjamin Hoover, Jr., proceeding pro se, has appealed from the district court's order dismissing his complaint under 42 U.S.C. Sec. 1983 against defendants-appellees Suffolk University Law School ("Suffolk"), Suffolk Dean Paul Sugarman and Suffolk Registrar Lorraine Cove. Hoover's complaint alleged that, after he had objected to a failing grade he had received in a Suffolk class that would prevent him from graduating, defendants denied him due process by refusing to present his case to a faculty board of review. On August 2, 1993, defendants moved to dismiss Hoover's complaint under Fed. R. Civ. P. 12(b)(6) on the ground that defendants were not state actors and therefore could not be liable under Sec. 1983. On August 19, the district court enlarged the time for Hoover to file an opposition to the motion to August 26. On August 30, the district court, noting Hoover's failure to file an opposition, granted the motion to dismiss the complaint for the reasons stated by defendants. On September 7, 1993, the district court issued an order dismissing the case in its entirety.
 
 
 2
 One week later, on September 14, Hoover filed his opposition to the motion to dismiss, a motion for leave to file an amended complaint, a proposed amended complaint, and a proposed supplemental complaint. Both of these proposed complaints added claims of racial discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d, and added as a defendant the professor who gave Hoover the failing grade. The proposed supplemental complaint added allegations arising out of Hoover's dismissal from Suffolk, which occurred after the filing of the original complaint. Hoover also filed a motion for a change of venue to the District of Puerto Rico, asserting that the district judge was biased because he had once been a part-time professor at Suffolk and that Suffolk's influence in the Boston area precluded impartial treatment of Hoover's case there.
 
 
 3
 The district court denied all of these motions in a September 17, 1993 order. Hoover appeals. We affirm.
 
 State Action Under Sec. 1983
 
 4
 Hoover's appeal from the district court's dismissal of his original complaint lacks merit. That complaint asserted claims under 42 U.S.C. Sec. 1983, which permits liability only for persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia...." The district court ruled that defendants were private entities and therefore not subject to liability under Sec. 1983. The only basis for state action Hoover asserted was that Suffolk receives federal funding. It is well-settled, however, that receipt of federal funding does not render an entity a state actor for purposes of Sec. 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982); Berrios v. Inter American University, 535 F.2d 1330, 1332 n. 5 (1st Cir. 1976). Indeed, Hoover concedes in his brief on appeal that he "asserted section 1983 in error."
 
 Disqualification of the District Judge
 
 5
 Hoover argues that the district judge should have recused himself because of the judge's prior affiliation with Suffolk. At the onset of the case on May 28, 1993, before hearing Hoover's motion for a temporary restraining order, the district judge informed the parties as follows:
 
 
 6
 "You should know before we begin that at one time-perhaps five, six, seven years ago-I was a part-time instructor at Suffolk Law School. I was not there during the term of Mr. Sugarman, but, of course, I know Mr. Sugarman as an attorney. He has appeared in this Court. Other than that, I have no connection with Mr. Sugarman.
 
 
 7
 I have had, naturally, some connection with Lorraine Cove in the sense that I returned the examination lists to her office. But other than that, I have no connection with her. You should know that.
 
 
 8
 Because the matter is sufficiently remote, as far as I am concerned, not to draw any impartiality into question, but you may differ-in which case I would be happy to remove myself and have this assigned to another judge-I kept it because I do not see any problem with it. At the same time I am aware that it might be a little difficult to find another judge on short notice. It is up to you. I will leave it to you."
 
 
 9
 Hoover then stated that he would accept the district judge hearing the temporary restraining order. As of the dismissal of the case on September 7, 1993, Hoover had filed no motion for disqualification. Only in his September 14, 1993 post-dismissal motion for change of venue did Hoover raise the matter.
 
 
 10
 We agree with defendants that Hoover's three-month delay-until after dismissal-in moving for disqualification precludes him from raising the matter on appeal. "[A] party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Apple v. Jewish Hospital & Medical Center, 829 F.2d 326, 333 (2nd Cir. 1987). As the court in Apple aptly stated, "[A] movant [for disqualification] may not hold back and wait, hedging its bets against the eventual outcome." Id. at 334.
 
 
 11
 Even were we to consider Hoover's disqualification argument, it lacks any merit. Hoover has set forth no factual allegations to suggest that the district judge had any personal or financial stake in the outcome of the case. The district court expressed no personal bias in his statements at the hearing on the temporary restraining order. There are no allegations that the judge has ever had a close or social relationship with any of the individual defendants, or that the judge has any current relationship with Suffolk at all. There was no basis for recusal here. See Easley v. University of Michigan Bd. of Regents, 906 F.2d 1143 (6th Cir. 1990) (judge not required to recuse himself from suit against law school where judge was an alumnus of the law school, served as a volunteer fund raiser for the law school, and was on the law school's visiting committee), cert. denied, 499 U.S. 947 (1991); Brody v. President & Fellows of Harvard College, 664 F.2d 10, 11-12 (1st Cir. 1981), cert. denied, 455 U.S. 1027 (1982).
 
 
 12
 Denial of Leave to Amend and Supplement the Complaint
 
 
 13
 Hoover's notice of appeal challenges only the district court's September 7, 1993 order of dismissal, and does not mention the district court's September 17 denial of Hoover's post-dismissal motions (which Hoover challenges at length in his brief). For that reason, defendants argue that under Fed. R. App. P. 3(c), which provides that "[a] notice of appeal also must designate the judgment, order, or part thereof appealed from," only Hoover's challenge to the September 7 dismissal is properly before this court. We need not resolve this question. Even if we were to consider Hoover's challenges to the district court's September 17 rulings, we would affirm the district court.
 
 
 14
 The crux of Hoover's argument is that the district court did not have discretion to deny Hoover the right to amend his complaint. Hoover points to Fed. R. Civ. P. 15(a), which states that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court ..., and leave shall be freely given when justice so requires." Hoover notes, correctly, that defendants' motion to dismiss did not constitute a "responsive pleading" for purposes of Rule 15(a). Dartmouth Review v. Dartmouth College, 889 F.2d 13, 22 (1st Cir. 1989); Wright, Miller and Kane, 6 Federal Practice & Procedure Sec. 1483, at 585 (2nd ed. 1990).
 
 
 15
 The point Hoover overlooks, however, is that when Hoover filed his motion to amend and supplement the complaint on September 12, the district court had already dismissed the case. "[T]he thrust of Rule 15(a) is aimed at the pre-judgment phases of litigation." Dartmouth Review, supra, 889 F.2d at 22. We have recently held that, although there is disagreement among the circuits on this point, "a plaintiff's time to amend his or her complaint as a matter of right within the First Circuit terminates upon a district court's dismissal of the complaint." Acevedo- Villalobos v. Hernandez, no. 93-1544 (1st Cir. 4/28/94), slip. op. at 12, 1994 U.S. App. Lexis 8990. Similarly, we held in Jackson v. Salon, 614 F.2d 15, 17 (1st Cir. 1980), that "[b]ecause the motion was received by the court after it had dismissed the complaint, it was too late for [plaintiff] to amend as a matter of right." These holdings govern the issue in this case. Following the district court's dismissal of the case, Hoover's only option-other than appeal-was to "seek leave to amend under Rule 15(a) after having the judgment reopened under either Rule 59 or 60." Acevedo-Villalobos, supra, slip op. at 14.
 
 
 16
 Even putting aside the fact that Hoover did not accompany his motion to amend with the requisite Rule 59 or 60 motion, we could not find that the district court abused its discretion in denying leave to amend or supplement. For one thing, the proposed amended and supplemental complaints included no adequate allegations of state action on the part of any defendant, and thus contained nothing that would cure the defects of Hoover's claims under Sec. 1983.
 
 
 17
 Hoover did propose to add new claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d, which provides, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." We agree with the district court, however, that Hoover's proposed amended and supplemental complaints based these claims "on the bare allegation of racial discrimination with no support whatsoever." All that the proposed complaints alleged as to racial discrimination was that Hoover's dismissal from the law school "was done without due process, as a discrimination plot. This was done with intent and malice to create and did create a deliberate indifference towards plaintiff because plaintiff is black." The proposed complaints did not "assemble ... specific facts adequate to show or raise a plausible inference that [Hoover was] subjected to race-based discrimination." Dartmouth Review, supra, 889 F.2d at 17. These complaints might well have been subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Thus, the district court acted well within its discretion in denying leave to amend or supplement as futile. See id. at 23; Correa-Martinez v. Arrillaga- Belendez, 903 F.2d 49, 59 (1st Cir. 1990).
 
 The alleged change-of-address snafu
 
 18
 Hoover also argues that the district court erred in granting defendants' motion to dismiss before receiving and considering Hoover's opposition to that motion. Hoover did not timely file his opposition. Hoover asserts, however, that he changed his residence around this time, and that on August 13, 1993, he informed defendants and the district court of his change of address. For some reason, Hoover alleges, the district court failed to make proper note of his change of address, so that Hoover did not receive timely notice of the court's August 19 order extending until August 26 the deadline for him to file his opposition to the motion to dismiss. The clerk of court, furthermore, allegedly told him orally on September 7, 1993 that he could file his opposition by September 14.
 
 
 19
 There is no dispute that Hoover did receive a copy of defendants' motion to dismiss on August 11. Even apart from the district court's extension of the filing deadline to August 26, of which Hoover allegedly received no notice, the district court's local rules require that an opposition to a motion be filed within fourteen days after service of the motion (in this instance, by August 25). Loc. R. 7.1(B)(2). Hoover filed nothing before September 14, and did not contact the clerk of the district court to discuss the matter until September 7.
 
 
 20
 In any event, this matter is irrelevant to this appeal. Since Hoover has now conceded that the district court's grounds for dismissing his original complaint were correct, he has in effect conceded that consideration of his opposition could not have changed the district court's September 7 ruling dismissing the original complaint.
 
 
 21
 Furthermore, as we have said, once the original complaint had been dismissed, amendment of that complaint required leave of court. The possibility that Hoover might have filed his motion to amend before dismissal, had there been no change-of-address snafu, does not change or lift that requirement. The change-of-address circumstance, of course, was one factor that could have been considered by the district court in weighing whether or not to grant leave to amend. Given the deficiencies of the proposed amended and supplemental complaints, the district court certainly did not abuse its discretion in nevertheless denying leave to amend.
 
 
 22
 We have considered all of Hoover's remaining arguments and find them meritless.
 
 
 23
 Hoover's request, in his brief, for oral argument is denied.
 
 
 24
 The rulings of the district court are affirmed.