**Lajoyce WEATHERSPOON,**
**Plaintiff–Appellant,**

v.

**VANDERBILT UNIVERSITY;**
**Vanderbilt University Medical**
**Center, Defendants–Appellees.**

No. 03–5753.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2004.

LaJoyce Weatherspoon, pro se, Clarksville, TN, Plaintiff—Appellant.

William N. Ozier, Bass, Berry & Sims, Nashville, TN, for Defendants—Appellees.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

*ORDER*

LaJoyce Weatherspoon appeals a district court grant of summary judgment for defendants in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Weatherspoon filed her complaint in the district court by counsel alleging that she was subjected to adverse employment actions because of her race (African American) after difficulties with a subordinate employee arose following Weatherspoon's promotion to a new supervisory position and after Weatherspoon filed administrative charges of race discrimination. Defendants moved the district court for summary judgment, and plaintiff responded in opposition. After the parties filed supplemental pleadings, the district court granted defendants' motion and entered judgment accordingly. Weatherspoon filed a timely notice of appeal.

On appeal, Weatherspoon is proceeding pro se, and reiterates her claims that she was subjected to discrimination in her employment with defendant. In addition, Weatherspoon contends: (1) that the district court and attorneys involved in this case were biased against her because they graduated from Vanderbilt University; (2) that two defense witnesses committed perjury; and (3) that a conspiracy to discriminate against her existed. Defendants respond that the district court's grant of summary judgment was proper.

Upon de novo review, *see Brooks v. Am. Broad. Cos.,* 932 F.2d 495, 500 (6th Cir. 1991), we affirm the judgment for the reasons stated by the district court in its memorandum entered May 6, 2003. Essentially, defendants established that plaintiff's deficient performance was the legitimate reason for removing plaintiff from her position, and that the plaintiff would not accept a new position through her own fault. Further, the district court correctly concluded that plaintiff did not establish a prima facie hostile environment claim because she was not subjected to any racially discriminatory treatment. Finally, plaintiff's remaining claims on appeal lack merit. Most notably, plaintiff's claims of improper bias are unsupported in the record. *See Easley v. Univ. of Mich. Bd. of Regents,* 906 F.2d 1143, 1146–47 (6th Cir. 1990).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.